# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** <br> **Barbara Vanessa Duran,** <br><br> **Debtor.** | **Bankruptcy Case** <br> **No. 14-41422-JDP** |

_____

### MEMORANDUM OF DECISION
_____

**Appearances:**

    Paul Ross, Paul, Idaho, Attorney for Debtor.

    David W. Gadd, Twin Falls, Idaho, Attorney for Trustee.

### *Introduction*

Chapter 7[1] trustee Gary Rainsdon ("Trustee") and debtor Barbara Vanessa Duran ("Debtor") ask the Court to explore a narrow issue of statutory interpretation. Their dispute stems from Debtor's claim of exemption in the proceeds from the settlement of a personal injury and wrongful death action. The material facts are not contested. The Court

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532.

MEMORANDUM OF DECISION – 1

heard arguments of counsel concerning the legal issues, and took the issues under advisement. Having considered the submissions, arguments and applicable law, this Memorandum disposes of the objection to the exemption claim.

*Facts*[2]

In 1988, Debtor was born to Enrique Duran and Alicia Rodriguez Serna, the fifth of their ten children. Debtor was financially dependent on her parents until she moved out of the family home at age 19. Stipulated Facts and Documents, Dkt. No. 69 at ¶ 1.

On January 24, 2013, Debtor and her mother, traveling together in a vehicle on Interstate 84 in Elmore County, Idaho, were involved in an accident in which Debtor's mother was killed. *Id*. at ¶¶ 2-3. At the time, Debtor was 24 years old. *Id*. at ¶ 3. Thereafter, Debtor and her mother's other heirs filed a civil action in state court against, *inter alia*, Elmore County, the driver of the semi tractor-trailer involved in the accident, and

---

[2] This Memorandum constitutes the Court's findings and conclusions for purposes of Fed. R. Bankr. P. 7052; 9014. The facts are based upon the parties' stipulation , Dkt. No. 69, as well as other matters appearing in the Court's docket.

MEMORANDUM OF DECISION – 2

DOT Transportation, the owner of the semi and the driver's employer . *Id.* at ¶ 4. The family's action asserted claims for damages for the mother's wrongful death and for Debtor's personal injuries.

On December 29, 2014, Debtor filed a chapter 7 bankruptcy petition. *Id.* at ¶ 5; Dkt. No. 1. The Court authorized Trustee, at his request, to employ special counsel to represent the bankruptcy estate in the state court litigation. Dkt. Nos. 22, 23, 33, and 69 at ¶ 5. The parties to the civil action eventually reached a financial settlement, and special counsel filed a motion with the Court to approve the compromise, Dkt. No. 59, which the Court granted, Dkt. No. 72. While the compromise motion and documents do not allocate specific amounts of the settlement proceeds between the wrongful death claim and Debtor's personal injury claim, the parties have stipulated that all of the bankruptcy estate's portion of the settlement proceeds are attributable to the wrongful death claim. Dkt. No. 69 at ¶ 6. The amount of the settlement to be received by Trustee after payment of attorneys fees and costs is $5,013.19. *Id.* at ¶ 7.

In her Schedule C in the bankruptcy case, Debtor claimed all of the

MEMORANDUM OF DECISION – 3

proceeds from the civil action exempt under Idaho Code § 11-604(1)(c).
Dkt. No. 1.  Trustee timely objected, and later filed an amended objection, to the claim of exemption.  Dkt. Nos. 16, 19.  The parties stipulated that the full amount of the settlement proceeds received by the estate is reasonably necessary for the support of Debtor and her dependents, and they agreed that Debtor has not been a "dependent" of her parents, as defined in Idaho Code § 11-601(2), since she moved out of their home.

The Court conducted hearings on the exemption objection on April 26 and May 9, 2017.  The parties then filed the stipulation of facts and briefs supporting their respective positions.  Dkt. Nos. 69, 76-77.

*Analysis and Disposition*

The exemption statute under review in this contest provides:

**11-604. Property exempt to extent reasonably necessary for support.** — (1) An individual is entitled to exemption of the following property to the extent reasonably necessary for the support of him and his dependents:

\* \* \* \* \*

(c) proceeds of insurance, a judgment, or a settlement, or other rights accruing as a result of bodily injury of the individual or of the

MEMORANDUM OF DECISION – 4

wrongful death or bodily injury of another individual of whom the individual was or is a dependent[.]

Idaho Code § 11-604(1)(c). The issue the Court must decide is whether Debtor may exempt the proceeds from the wrongful death settlement, or more precisely, whether the term "dependent" in this exemption statute benefits not only the current dependents of the deceased, but also any former dependents.

As has been noted many times, Idaho's exemption statutes are to be liberally construed in favor of the debtor. *In re Cerchione*, 414 B.R. 540, 546 (9th Cir. BAP 2009); *In re Farnsworth*, 558 B.R. 375, 381 (Bankr. D. Idaho 2016). In addition, in Idaho:

> The object of statutory interpretation is to give effect to legislative intent. *State v. Yzaguirre*, 163 P.3d 1183, 1187 (Idaho 2007) (citing *Robison v. Bateman–Hall Inc.*, 76 P.3d 951, 954 (Idaho 2003)). The literal words of the statute provide the best guide to legislative intent, and therefore, the interpretation of a statute must begin with the literal words of the statute. *Id*. "In determining the ordinary meaning of a statute 'effect must be given to all the words of the statute if possible, so that none will be void, superfluous, or redundant.'" *State v. Mercer*, 138 P.3d 308, 309 (Idaho 2006) (quoting *In re Winton Lumber Co.*, 63 P.2d 664, 666 (Idaho 1936)). Moreover, the Court must consider all sections of applicable statutes together to

MEMORANDUM OF DECISION – 5

>   determine the intent of the legislature. *Davaz v. Priest River Glass Co., Inc.*, 870 P.2d 1292, 1295 (Idaho 1994).

*In re Cerchione*, 414 B.R. at 546 (quoting *AmeriTel Inns, Inc. v. The Pocatello-Chubbuck Auditorium or Cmty. Ctr. Dist.*, 192 P.3d 1026, 1028 (Idaho 2008)). "If the statutory language is clear and unambiguous, [a court] need merely apply the statute without engaging in statutory interpretation." *State v. Hagerman Water Right Owners, Inc.*, P.2d 400, 405 (Idaho 1997). "The words of a statute should be given their plain meaning, unless a contrary legislative purpose is expressed or the plain meaning creates an absurd result." *KGF Dev., LLC. v. City of Ketchum*, 236 P.3d 1284, 1288 (Idaho 2010) (quoting *Doe v. Boy Scouts of Am.*, 224 P.3d 494, 430 (Idaho 2009)).

This Court had an occasion to interpret Idaho Code § 11-604(1)(c) in *In re Baldwin*, 12.4 I.B.C.R. 123 (Bankr. D. Idaho 2012). In that case, the debtor claimed as exempt the funds paid to her from an annuity funded by the settlement of an action arising out of personal injuries suffered by her ex-husband. The trustee objected, arguing that the debtor was not entitled to an exemption because she was the spouse of the injured party, a

MEMORANDUM OF DECISION – 6

relationship not expressly mentioned in the exemption statute.  This Court explained:

> [A]ccording to the plain meaning of § 11-604(1)(c), if a debtor shows he or she is or was a dependent of the injured person, assuming the other statutory requirements are met, that debtor is not disqualified from claiming the exemption solely because the debtor was the spouse of the injured person.

*Id*. at 125.  As such, the Court then required the debtor to demonstrate that, as his spouse, she was a dependent of her ex-husband in order to exempt the settlement annuity payments.  *Id*.  The Court noted that the exemption statute defines "dependent" as "an individual who derives support primarily from another individual."  *Id*. (quoting Idaho Code § 11-601(2)).  The Court denied the claim of exemption because the debtor did not prove that she ever was a dependent of her ex-husband, as she was the primary breadwinner during their marriage.  *Id*.  But the Court's decision in *Baldwin* included a footnote of interest to the parties in this case:

> It could be argued that, through use of the past tense in the phrase "was or is" [in Idaho Code § 11-604(1)(c)], the Legislature intended solely to refer to situations where the injured person has died, rather than to exemptions claimed by the injured party's divorced spouse.  On the other hand, the

MEMORANDUM OF DECISION – 7

> statutory language and punctuation [do] not link the past-tense "was" with "wrongful death," so the Court declines to read any such limitation into the statute.

*Id*. at 125 n. 3.

As noted above, the Court must give effect to the statutory text as written by the Idaho legislature.  As in *Baldwin*, here, the Court is unwilling to judicially insert punctuation in the statute's text to link the past-tense "was" with "wrongful death."  As a result, the Court concludes that "was or is" modifies "dependent."

More particularly, the text of Idaho Code § 11-604(1)(c) is not ambiguous, and plainly provides an exemption in the proceeds of "a settlement . . . accruing as a result of . . . the wrongful death or bodily injury of another individual of whom the individual was or is a dependent[.]"  The parties have stipulated that Debtor was, albeit long ago, a dependent of the decedent.  In obedience to the intent of the Idaho legislature as evidenced by this clear language, the Court finds that the requirement that Debtor "was or is" a dependent of the decedent, her mother, is met.

MEMORANDUM OF DECISION – 8

Of course, representing Debtor's creditors, Trustee is offended by what he perceives to be the injustice in this outcome. However, whether allowing an exemption to a debtor who has not been a dependent of the injured party for many years is a sound public policy is a question properly addressed to the Legislature, not this Court. Here, no contrary legislative purpose has been shown. Moreover, because a debtor still must show that he or she reasonably needs the settlement funds for support, allowing an exemption to a former dependent cannot be characterized as an absurd result. As a result, the plain meaning of the language of the exemption statute compels that Debtor's exemption claim be allowed.

## *Conclusion*

A separate order will be entered overruling Trustee's objection and allowing Debtor's claim of exemption.

Dated: June 26, 2017

MEMORANDUM OF DECISION – 9

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 10